UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laurie Range, *et al.*,

    Plaintiffs,                                                 Case No. 1:10cv473

    v.                                                            Judge Michael R. Barrett

Kenneth Douglas, *et al.*

    Defendants.

## OPINION & ORDER

This matter is before the Court upon three motions filed by Defendants Estate of Bernard Kersker, Estate of Dr. Frank Cleveland and Hamilton County Board of Commissioners: (1) Motion to Dismiss based on Plaintiffs' Assertion of Vicarious Liability Pursuant to Ohio Rev. Code Ch. 2744.02 et seq (Doc. 160); (2) Motion for a Judgment as Matter of Law Pursuant to R.C. § 2744.02(A)(1) Based on the Law of the Case that Plaintiffs' Tort Occurred when their Cause of Action Accrued in 2007-2009 and Plaintiffs' Injuries did not Occur within or on the Grounds of Buildings that are used in Connection with a Government Function (Doc. 161); and (3) Motion for Stay Pending Resolution of the Immunity Issues Raised by the Law of the Case that Plaintiffs' Causes of Action Accrued in 2007-2009 and Plaintiffs' New Theory that Defendant Hamilton County Board of County Commissioners is Vicariously Liable for the Actions of Coroner's Office (Doc. 162). Plaintiffs filed Responses (Docs. 168, 169, 170). Defendants filed Replies (Docs. 172, 173). In addition, on February 19, 2015, the Court held a hearing on these motions.

Kenneth Douglas had sex with the dead bodies of Karen Range, Angel Hicks and Charlene Appling while they were held in the Hamilton County Morgue. Douglas worked as a Morgue Attendant from 1976 until 1992. Douglas was supervised by the County Coroner Dr. Frank Cleveland and Defendant Bernard Kersker. Following this Court's ruling on Defendants' dispositive motions and subsequent appeal, Plaintiffs' remaining claims are for negligent retention and supervision, and negligent and intentional infliction of emotional distress under Ohio law.

Both sides appealed this Court's ruling on Defendants' dispositive motions. On appeal, the Sixth Circuit held that it had no jurisdiction to review this Court's denial of common law immunity with respect to the abuse of Karen Range. Therefore, the Sixth Circuit did not review that decision. However, the Sixth Circuit held that it did have jurisdiction to review the denial of immunity with respect to the abuse of Angel Hicks and Charlene Appling. The Sixth Circuit affirmed this Court's denial of immunity to Defendants.

After the Sixth Circuit entered its decision, this Court set a deadline of October 31, 2014 for the filing of any motions raised by that ruling. Defendants filed another round of dispositive motions. (Doc. 123). However, Defendants did not seek leave to file the current motions beyond the October 31, 2014 deadline. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." In addition to Rule 16's explicit "good cause" requirement, a district court must determine the potential prejudice to the nonmovant. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Defendants have not set forth "good cause" for failing to include the arguments in their current motions in the earlier dispositive motions (Doc. 123).  Moreover, the Court finds that filing these motions less than one week before trial is to begin is prejudicial to Plaintiffs.  *See Fabery v. Mid-S. Ob-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *2 (W.D. Tenn. May 15, 2008) (finding that reopening discovery would prejudice the defendant, particularly in light of the fact that the document request was made ten days before trial is scheduled to begin).  The Court finds that Defendants' Motions could be denied on this basis alone, however, the Court also finds that the Motions should be denied on the merits.

Defendants argue that the County Board of Commissioners should not be held vicariously liable for the acts of the Coroner's Office employees.  However, the individual members of the Board of Commissioners have not been named in this lawsuit.  Plaintiffs bring their claims against the Board of Commissioners in their official capacity.  As this Court previously explained in its ruling on Defendants' first motion for summary judgment:

> A suit against an individual in his or her official capacity is the equivalent of a suit against the governmental entity.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  Therefore, Plaintiffs' Section 1983 claim against the Commissioners in their official capacity should be treated as a claim against the County.  *Accord Hainey v. Parrott*, 2005 WL 2397704, *10 (S.D.Ohio Sept. 28, 2005) ("the County Commissioners as representatives of Hamilton County may be held liable in their official capacities for the actions of the coroner.").  While naming the Commissioners in addition to, or as an alternative to the County, is somewhat redundant, the Court finds no reason to dismiss Plaintiffs' Section 1983 claims against the Commissioners in their official capacity.

*Range v. Douglas*, 878 F. Supp. 2d 869, 875-76 (S.D. Ohio 2012).

Contrary to Defendants' arguments, the County can potentially be held liable for the acts of the Coroner's Office employees. Plaintiffs do not dispute that the County enjoys a general grant of immunity under Ohio Revised Code § 2744.02(A)(1). Instead, Plaintiffs argue that an exception to the general rule of immunity from a former version of Ohio's Political Subdivision Tort Liability Act applies:

> Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

Ohio Rev. Code § 2744.02(B)(4). Under this section, the County would be potentially liable for the acts of the Coroner's Office employees. To the extent that Defendants argue that Plaintiffs failed to specifically name the Coroner's Office in their Complaint, the Sixth Circuit has explained that under Ohio law, "an action against an officer in his 'official capacity' is simply another way of pleading an action against the governmental entity itself." *Chesher v. Neyer*, 477 F.3d 784, 797 (6th Cir. 2007) (citing *Norwell v. City of Cincinnati*, 729 N.E.2d 1223, 1232 (1999)).

Next, Defendants argue that this Court should dismiss the claims against them pursuant to Ohio Revised Code § 2744.02(A)(1) because the Sixth Circuit found that Plaintiffs' claims accrued between 2007 and 2009 when they learned of the abuse of the bodies of Charlene Appling and Angel Hicks and allegedly suffered emotional distress. Defendants argue that because they were not on "the grounds of buildings that are used in connection with the performance of a governmental function," the exception to the general grant of immunity found at Ohio Revised Code § 2744.02(B)(4) does not apply.

Setting aside any discussion of accrual of claims and the Sixth Circuit's analysis of whether it had jurisdiction over the issues on appeal in this case, this Court previously held that it must apply the version of Ohio's Political Subdivision Tort Liability Act which was in effect at the time the alleged acts occurred.  878 F.Supp 2d at 887 (citing *Hubbard v. Canton City Sch. Bd. of Educ.*, 780 N.E.2d 543, 547 (Ohio 2002)).  On appeal, the Sixth Circuit similarly held:

> In 1985, Ohio passed the Political Subdivision Tort Liability Act, codified in Ohio Revised Code Chapter 2744 and governing state immunity for political subdivisions and their employees.  *Lambert v. Clancy*, 125 Ohio St.3d 231, 927 N.E.2d 585, 588 (2010).  For provisions that have since been amended, we use the version that was in place in 1991, at the time Douglas abused the bodies of Appling and Hicks.  *See Hubbard v. Canton City Sch. Bd. of Educ.*, 97 Ohio St.3d 451, 780 N.E.2d 543, 547 (2002) ("We are bound to apply the words [of the immunity statute] in effect at the time the alleged negligent acts occurred.").

*Range v. Douglas*, 763 F.3d 573, 582 (6th Cir. 2014).  Therefore, it is clear what version of the immunity statute applies.

Defendants argue that regardless of what version of Ohio Revised Code § 2744.02(B)(4) is applied, the negligence and injury must have occurred on public grounds.  However, as this Court previously explained, in interpreting the former version of Ohio Revised Code § 2744.02(B)(4), the Ohio Supreme Court found that the exception applied to all cases where injury resulted from the negligence of an employee, not just those injuries which resulted from physical defects or negligent use of grounds or buildings.  878 F. Supp. 2d at 889 (citing *Hubbard*, 780 N.E.2d at 546-47).  This finding is repeated in the case cited by Defendants: *Sherwin-Williams Co. v. Dayton Freight Lines, Inc.*, 858 N.E.2d 324 (Ohio 2006).  As part of its discussion of the

former version of Ohio Revised Code § 2744.02(B)(3), the Ohio Supreme Court in *Sherwin-Williams* explained:

> Former R.C. 2744.02(B)(4) demonstrates that the General Assembly is perfectly capable of limiting the reach of a political subdivision's liability to injuries or losses that occur on property within the political subdivision; as this court held in *Hubbard*, pursuant to former R.C. 2744.02(B)(4) political subdivisions were liable for employee negligence that occurred in public buildings or on their grounds.  The General Assembly made no such attempt to limit to public areas the geographical reach of R.C. 2744.02(B)(3).

858 N.E.2d at 327.

Based on the foregoing, the Court finds that Defendants' Motion to Dismiss based on Plaintiffs' Assertion of Vicarious Liability Pursuant to Ohio Rev. Code Ch. 2744.02 et seq (Doc. 160) is **DENIED**; and Defendants' Motion for a Judgment as Matter of Law Pursuant to R.C. § 2744.02(A)(1) Based on the Law of the Case that Plaintiffs Tort Occurred when their Cause of Action Accrued in 2007-2009 and Plaintiffs' Injuries did not Occur within or on the Grounds of Buildings that are used in Connection with a Government Function (Doc. 161) is **DENIED**.  Accordingly, Defendants' Motion for Stay Pending Resolution of the Immunity Issues Raised by the Law of the Case that Plaintiffs' Causes of Action Accrued in 2007-2009 and Plaintiffs' New Theory that Defendant Hamilton County Board of County Commissioners is Vicariously Liable for the Actions of Coroner's Office (Doc. 162) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

                                                *s/Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT